# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JULISSA DIAZ,** an individual
and **KATIA CRUZ,** an individual,   Case No.

      Plaintiffs,   HON.

v.

**ANDREW STERLING LONGCORE,** an individual, **LONGCORE LEGAL GROUP, P.C.,** a Michigan Corporation, **LATINOS TAKE OUT, LLC,** a domestic limited liability company, **EDUARDO MATA,** an individual, and **ROSIBEL VIALET,** an individual,

      Defendants.

**AVANTI LAW GROUP, PLLC**
By: Robert Anthony Alvarez (P66954)
Attorneys for Plaintiff
600 28th St. SW
Wyoming, MI 49509
(616) 257-6807
ralvarez@avantilaw.com

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME the Plaintiffs, by and through their attorneys, and in their Original Complaint states as follows:

1. This is a civil action for relief brought on behalf of Plaintiffs Julissa Diaz and Katia Cruz ("Plaintiffs") against Defendants Andrew Sterling Longcore, Longcore Legal Group, P.C. d/b/a The Business Law Group (hereinafter collectively referred to as "Longcore"), , Latinos Takeout, L.L.C. d/b/a Mi Casa Restaurant, Eduardo Mata, and Rosibel Vialet (all three collectively referred to as "Mi Casa") due to their violation of the anti-retaliation provision of the Fair Labor Standards Act, 29 U.S.C. §215(a)(3) for having filed a retaliatory lawsuit[1] against the Plaintiffs and their counsel.

---

[1] Diaz et al v. Latinos Take Out, LLC et al., 1:17-cv-00273-RJJ-RSK. (W.D. Mich)

2. Defendants Longcore advised and counseled Defendants Mi Casa to file a Counterclaim[2] against Plaintiffs as well as a Third Party Complaint[3] against their counsel despite the fact those claims lacked any reasonable basis in fact or law.

3. The unfounded claims against Plaintiffs and their counsel were presented for an improper purpose, specifically it was to harass, cause unnecessary delay, and/or needlessly increase the cost of litigation for what was a straightforward claim for unpaid wages.

4. The claims made in the Counterclaim and Third Party Complaint were not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

5. The factual contentions made in the Counterclaim and Third Party Complaint did not have evidentiary support.

6. Defendants Mi Casa accepted the advice and counsel of Defendants Longcore and instructed them to file the Counterclaim and Third Party complaint.

7. Defendants Longcore, acting directly or indirectly on behalf of Defendants Mi Casa, filed the Counterclaim and Third Party Complaint alleging a frivolous and meritless counterclaim against Plaintiffs and their counsel in retaliation for the Plaintiffs having brought a claim for his unpaid wages in violation of the FLSA, 29 U.S.C. 215(a)(3).

8. The Counterclaim and Third Party Complaint were filed with a retaliatory motive.

**PARTIES**

9. Plaintiff Julissa Diaz is a resident of the state of Pennsylvania.

10. Plaintiff Katia Cruz is a resident of the county of Kent, state of Michigan.

11. Defendant Andrew Sterling Longcore is an individual who is a licensed attorney who practices in the state of Michigan and is the sole owner of Defendant Longcore Legal Group, P.C. whose principal place of business is located in the city of Allendale, County of Ottawa, state of Michigan.

12. Defendants Longcore have been conducting business in the county of Ottawa since at least 2012.

13. Defendant Latinos Takeout, L.L.C. is a domestic limited liability company located in Kent County, Michigan, and located at 334 Burton St. S.W., Grand Rapids, Michigan 49507.

14. Defendant Rosibel Vialet is an individual who is a resident of the County of Kent, state of Michigan and who is the Business Manager of Defendant Latinos Takeout, L.L.C..

---

[2] *Id*. ECF 10, PAGEID 58.
[3] Id. ECF 13, PAGEID 84.

15. Defendant Eduardo Mata is an individual who is a resident of the County of Kent, state of Michigan and who is the owner of Defendant Latinos Takeout, L.L.C.

## JURISDICTION AND VENUE

16. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

17. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the retaliation alleged in this complaint occurred in this District and the parties all reside in this District.

## GENERAL ALLEGATIONS

18. On or about November 11, 2016, Plaintiffs, through their counsel the Avanti Law Group, PLLC, sent a demand letter to Defendants Mi Casa outlining their claim for unpaid wages and demanding payment for those wages including liquidated damages. (*Exhibit A* - Demand Letter).

19. The total amount requested in the demand letter was $17,500.

20. On December 1, 2016, Defendants Longcore responded to Plaintiffs' demand letter denying all allegations and making veiled threats about pursuing sanctions for the filing of frivolous claims. (*Exhibit B* - Response to Demand Letter).

21. On March 23, 2017, Plaintiffs filed an original complaint[4] (hereinafter referred to as the "2017 Litigation") against their employers, Defendants Latinos Takeout, LLC and Rosibel Vialet, for failure to pay properly pay them for all hours worked in violation of the Fair Labor Standards Act ("FLSA").

22. On or about April 7, 2017, Plaintiffs were interviewed by a local Spanish language newspaper in which they made statements that mirrored the very allegations they made in the complaint filed in the 2017 Litigation.

23. Defendants Longcore were retained by Defendants Mi Casa to advise, counsel and represent their interests in the 2017 Litigation.

24. In the course of advising and counseling Defendants Mi Casa on the best course of action to respond to the original complaint, Defendants Longcore advised and counseled them to file several baseless counterclaims against the Plaintiffs and their counsel as a way to retaliate against the Plaintiffs for their having filed the original complaint.

25. On April 24, 2017, based on the counsel and advice of Defendants Longcore, Defendants Mi Casa instructed Defendant Longcore to file four counterclaims against the Plaintiffs.[5]

26. The Counterclaim listed four counts against the Plaintiffs for:

---

[4] Diaz et al v. Latinos Take Out, LLC et al., 1:17-cv-00273-RJJ-RSK. (ECF. 1)
[5] *Id*. ECF 10 - Answer and Counterclaim

a. Tortious Interference with a Business Interest;

b. Injurious Falsehood;

c. Defamation; and

d. Civil Conspiracy.

27. The Third Party Complaint listed four counts against Plaintiffs' counsel for:

    a. Tortious Interference with a Business Interest;

    b. Injurious Falsehood;

    c. Defamation; and

    d. Civil Conspiracy.

28. The allegations in the Counterclaim lacked basis in law.

29. The allegations in the Counterclaim lacked basis in fact.

30. The allegations in the Third Party Complaint lacked basis in law.

31. The allegations in the Third Party Complaint lacked basis in fact.

32. The filing of said Counterclaims and Third Party Complaint was done with the intention of harassing, intimidating and/or dissuading the Plaintiffs from pursuing their rights under the FLSA.

## Allegations Related to Retaliation by Defendants

33. Defendants do not enjoy any qualified or absolute immunity for the filing of a frivolous and retaliatory counterclaims against the Plaintiffs.

34. Defendants do not enjoy any qualified or absolute immunity for the filing of a frivolous and retaliatory counterclaims against the Plaintiffs in violation of a statutorily protected right.

35. Defendants do not enjoy any protection under First Amendment grounds for the filing of frivolous and retaliatory counterclaims against the Plaintiffs.

36. Defendants Longcore's motivation for advising and counseling Defendants Mi Casa to pursue the counterclaims and then filing of the frivolous and retaliatory counterclaim was to punish the Plaintiffs for having filed the original complaint.

37. Defendants Longcore's motivation for advising and counseling Defendants Mi Casa to pursue the counterclaims and then for filing of the frivolous and retaliatory counterclaims was to deter the Plaintiffs from pursuing their wage claim.

38. Defendants do not enjoy any qualified or absolute immunity for the filing of a frivolous and retaliatory Third Party Complaint against the Plaintiffs' counsel.

39. Defendants do not enjoy any qualified or absolute immunity for the filing of a frivolous and retaliatory Third Party Complaint against the Plaintiffs' counsel in violation of a statutorily protected right.

40. Defendants do not enjoy any protection under First Amendment grounds for the filing of frivolous and retaliatory Third Party Complaint against the Plaintiffs' counsel.

41. Defendants knew or should have known that the factual allegations made in the Counterclaims and the Third Party Complaint were frivolous.

42. Defendants Mi Casa knew or should have known that the legal conclusiong made in the Counterclaims and Third Party Complaint were frivolous.

43. Defendants Mi Casa allowed and/or permitted the filing of the Counterclaims and Third Party Complaint filed by Defendants Longcore.

## COUNT I

## Violation of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)

### Retaliatory Conduct

44. Plaintiffs reallege and incorporate herein all previous paragraphs.

45. Plaintiffs assert this claim against all Defendants.

46. The FLSA applied to Plaintiffs' employment with Defendants Mi Casa at all relevant times.

47. Section 215(a)(3) of the FLSA prohibits "**any person**" from retaliating against an employee because he or she "has filed any complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA. (emphasis added).

48. Section 203(a) defines "**person**" as "an individual, partnership, association, corporation, business trust, **legal representative**, or any organized group of persons." (emphasis added).

49. Section 216(b) of the FLSA establishes a right of action against "**[a]ny employer** who violates the provisions of section 215(a)(3) of this title." (emphasis added).

50. Section 203(d) of the FLSA defines "**employer**" as "**any person acting directly or indirectly in the interest of an employer in relation to an employee**," save for labor organizations. (emphasis added).

51. At all times relevant herein, as Defendants Mi Casa's attorney, legal representative, and agent for purposes of the FLSA complaint, Defendants Longcore were acting in the interest of Defendants Mi Casa in relation to Plaintiffs.

52. As such, Defendants were an "employer" within the meaning of Section 203(d) for purposes of liability under Section 216(b).

53. As such, Defendants were "any person" within the meaning of Section 203(a) and 215(a)(3).

54. Defendants Longcore advised and counseled Defendants Mi Casa and Vialet to pursue the Counterclaims against the Plaintiff in response to the filing of the original complaint in the 2017 Litigation.

55. Defendants Longcore advised and counseled Defendants Mi Casa to pursue the Third Party Complaint against the Plaintiffs in response to the filing of the original complaint in the 2017 Litigation.

56. Defendants Longcore, acting directly and/or indirectly on behalf of Defendants Mi Casa, filed the Counterclaims in response to Plaintiffs having filed their original complaint in the 2017 Litigation.

57. Defendants Longcore, acting directly and/or indirectly on behalf of Defendants Mi Casa, filed the Third Party Complaint in response to Plaintiffs having filed their original complaint in the 2017 Litigation.

58. Defendants Mi Casa would not have filed these Counterclaims if not for the advise and counsel of the Defendants Longcore.

59. Defendants Mi Casa would not have filed the Third Party Complaint if not for the advise and counsel of the Defendants Longcore.

60. Defendants Longcore would not have advised and counseled Defendants Mi Casa to file the Counterclaims or the Third Party Complaint if not for the Plaintiffs having filed their original complaint in the 2017 Litigation.

61. Defendants' filing of the Counterclaims and Third Party Complaint was in direct retaliation for the Plaintiffs having filed their original complaint in the 2017 Litigation.

62. Defendants Longcore's actions in advising and counseling Defendants Mi Casa and Vialet to file the Counterclaims and Third Party Complaint constitutes unlawful retaliation under the FLSA, 29 U.S.C. § 215(a)(3) as they were taken in direct response to Plaintiffs' filing of the original complaint in the 2017 Litigation.

63. Defendants knowingly, willfully, maliciously, intentionally and without justification acted to deprive Plaintiffs of their rights.

64. The above retaliatory Counterclaims and Third Party Complaint were filed in concert by the Defendants in the course of and within the scope of the agency relationships between them.

65. As a direct, foreseeable, and proximate result of Defendants' actions, Plaintiffs have suffered and continue to suffer emotional distress, and they have incurred and continue to incur expenses, including but not limited to attorneys' fees and costs.

66. Pursuant to section 216(b) of the FLSA, Plaintiffs are entitled to legal and equitable relief including declaratory relief, exemplary, compensatory and punitive damages, as well as his reasonable attorneys' fees and costs.

## DECLARATORY RELIEF

67. Plaintiffs reallege and incorporate herein all previous paragraphs.

68. A present and actual controversy exists between Plaintiffs and Defendants concerning their rights and respective duties. Plaintiffs contend that Defendants violated Plaintiffs' rights under the FLSA to be free from retaliation for having asserted rights protected by the FLSA.

69. Plaintiffs are informed and believe and thereon alleges that Defendants deny any liability to them.

70. Plaintiffs seek a judicial declaration of the rights and duties of the respective parties. Declaratory relief is therefore necessary and appropriate.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests the following relief:

A. For a declaratory judgment that Defendants' actions complained of herein have violated Plaintiffs' rights under the FLSA, including the right to be free from retaliation for the assertion of rights protected by the FLSA;

B. The actions of the Defendants, complained of herein, be adjudicated, decreed, and declared a violation of section 215(a)(3) of the FLSA;

C. For an award of compensatory damages in an amount to be proven at trial;

D. For an award of liquidated damages in an amount to be proven at trial;

E. For an award of exemplary damages in an amount to be proven at trial;

F. For an award of punitive damages in an amount in excess of $75,000 or an amount determined to be sufficient to punish the Defendants for their unlawful conduct and to deter others from taking similar actions;

G. Defendants be found to have unlawfully retaliated against Plaintiffs in the filing of the Counterclaims and the Third Party Complaint;

H. Defendants be jointly and severally ordered to pay Plaintiffs' costs and reasonable attorney fees pursuant to the FLSA;

I. The Court grants such other and further relief as the Court may deem just or equitable.

Respectfully Submitted,

Dated: May 19, 2017

*/s/ Robert Anthony Alvarez* .
Robert Anthony Alvarez (P66954)
Attorney for Plaintiffs
Avanti Law Group. PLLC
ralvarez@avantilaw.com